TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MORGAN J. COHEN (Cal. Bar No. Pending)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-2848
     Facsimile:     (213) 894-0141
     E-mail:        morgan.cohen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:20-00568-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT RICHARD GESTRICH |
| v. | |
| RICHARD GESTRICH, | Sentencing Date: 06-07-2021<br>Sentencing Time: 8:30 a.m.<br>Location: Courtroom of the<br>         Hon. Percy Anderson |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Morgan J. Cohen, hereby files its Sentencing Position regarding defendant Richard Gestrich ("defendant").

   This position is based on:  the attached memorandum of points and authorities; the files and records in this case; and the Presentence Investigation Report (Dkt. No. 29 ("PSR")) prepared by

the United States Probation and Pretrial Services Office ("USPO"); and such further evidence and argument as the Court may permit.

Dated: May 18, 2021                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                             /s/
                                       MORGAN J. COHEN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In March and April of 2020, defendant worked as an automated teller machine ("ATM") repair technician, servicing ATMs at banks owned and operated by JPMorgan Chase Bank ("JPMorgan Chase"). On multiple occasions during those months, while servicing JPMorgan Chase ATMs, defendant, with intent to steal, took and carried away thousands of dollars in cash currency belonging to JPMorgan Chase. In total, defendant stole $317,785. Based on this conduct, in March 2021, defendant pleaded guilty to count one of the six-count indictment in this case, which charged defendant with bank theft, in violation of 18 U.S.C. § 2113(b).

The government agrees with the USPO that under the Sentencing Guidelines, the total offense level is 15, the criminal history category is I, and the resulting Guidelines range is 18 to 24 months' imprisonment. With the government's recommendation of a two-level variance for acceptance of responsibility during the unprecedented COVID-19 pandemic, the total offense level is 13, and the resulting Guidelines range is 12 to 18 months' imprisonment.

Consistent with its obligations in the plea agreement, the government recommends that the Court impose a low-end sentence of 12 months' imprisonment, followed by a three-year period of supervised release. A sentence of 12 months' imprisonment is appropriate and just under 18 U.S.C. § 3553(a). The Court should also order defendant to pay restitution in the amount of $317,785 as set forth in the PSR.

**II.   STATEMENT OF FACTS**

As set forth in the plea agreement and summarized in the PSR, while servicing ATMs at banks owned and operated by JPMorgan Chase on multiple occasions in March and April 2020, defendant, with intent to steal, took and carried away over $1,000 in cash currency belonging to the JPMorgan Chase.  (PSR ¶ 11.)  Specifically, he stole the following from JPMorgan Chase banks within the Central District of California:

- On March 18, 2020, $81,305 from a bank in Wilmington California, Los Angeles County.
- On April 17, 2020, $1,600 from a bank in Long Beach, California, Los Angeles County.
- On May 13, 2020, $81,960 from a bank in Beaumont, California, Riverside County.
- On May 13, 2020, $27,300 from a bank in Hemet, California, Riverside County.
- On May 13, 2020, $43,700 from a bank in Hemet, California, Riverside County.
- On May 14, 2020, $81,920 from a bank in San Bernardino California, San Bernardino County.

(PSR ¶ 11.)  Each of these deposits was, at all times, insured by the Federal Deposit Insurance Corporation.  (PSR ¶ 11.)

**III. SENTENCING GUIDELINES CALCULATIONS**

The parties entered into a written plea agreement on March 2, 2021.  (Dkt. 22.)[1]  The parties agreed to the application of certain provisions under the Sentencing Guidelines, but each reserved the

---

[1] Pursuant to the change of plea hearing, the plea agreement was amended to identify Second Amended General Order 20-04.  (Dkt. 28.)

2

right to argue for additional specific offense characteristics, adjustments, or departures under the Sentencing Guidelines.

The government concurs with the PSR's calculation of defendant's total offense level of 15, which is consistent with the parties' agreement:

| | | |
|---|---|---|
| Base Offense Level: | 6 | USSG §2B1.1(a)(2) |
| Loss amount more than $250,000: | +12 | USSG § 2B1.1(b)(1)(G) |
| Acceptance of Responsibility: | -3 | USSG § 3E1.1(a), (b) |
| **Total Offense Level**: | **15** | |

(PSR ¶¶ 18-29; Plea Agr. ¶ 13.)

As agreed by the parties in the plea agreement, the government further recommends a two-level downward variance under § 3553(a) for defendant's early acceptance of responsibility during the current, unprecedented COVID-19 pandemic. (Plea Agr. ¶ 14.) With this decrease, defendant's total offense level is 13.

The government also agrees with the PSR's calculation of defendant's criminal history category of I, based on a criminal history score of zero. (PSR ¶¶ 31–38.) Accordingly, with a total offense level of 13 (including the government's two-level variance) and criminal history category of I, the Guidelines range would be 12 to 18 months' imprisonment.

**IV.  GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on the record as a whole, including the Guidelines factors set forth above, and the § 3553(a) factors, the government recommends that the Court sentence defendant to 12 months' imprisonment, followed by three years of supervised release. Consistent with the

3

plea agreement, this recommendation is at the low-end of the applicable Guidelines range.

The government's recommended low-end sentence of 12 months is sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a) in light of the mitigating and aggravating factors in this case. A 12-month sentence adequately takes into account the seriousness of the offense and this defendant's personal history. Although this defendant has no prior criminal history or history of similar misconduct, defendant did take advantage of his employment with a bank to steal over $300,000. Some period of incarceration is therefore necessary to punish for this serious offense and to promote respect for the rule of law, and the low-end sentence recommended by the government will accomplish those goals.

The low-end sentence is further warranted by defendant's early acceptance of responsibility in light of the COVID-19 pandemic, as reflected in the government's variance recommendation.

**V.     CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 12 months' imprisonment, followed by a three-year period of supervised release.